--------
MEREDITH B. SWITZER, Judge *763 Eliot Pargament appeals from his conviction of possession of marijuana. As his sole point of appeal, he contends the trial court erred in denying his motion to suppress because the State failed to prove there was a valid traffic stop. We agree and reverse and remand for proceedings consistent with this opinion.
Trooper Josh Elmore of the Arkansas State Police testified that on the night in question, he was driving east in the left lane on Interstate 40. He observed Pargament's vehicle, a black vehicle, in the right lane. He explained that a white vehicle pulled in front of Pargament's vehicle, and at that point, Pargament was driving too closely to the white vehicle. Elmore said he followed Pargament for "a little bit" before turning on his lights, giving Pargament the opportunity to either change lanes and go around the white vehicle or reduce his speed, but Pargament continued in the same lane at the same speed. He did not recall how fast either vehicle was going, but it was not considerably slower or faster than the speed limit, which was seventy miles an hour. Based on his training and experience, Elmore believed if the front vehicle stopped quickly, a vehicle following within that distance and at that speed would cause an accident.
Arkansas Code Annotated section 27-51-305 (Supp. 2017) provides that the "driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having regard for the speed of vehicles and the traffic upon *764 and the condition of the highway." A police officer may stop and detain a motorist when the officer has probable cause to believe that a traffic offense has occurred. Cagle v. State , 2019 Ark. App. 69, 571 S.W.3d 47. Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. Id. In assessing the existence of probable cause, our review is liberal rather than strict. Id. The relevant inquiry is whether the officer had probable cause to believe that the defendant was committing a traffic offense at the time of the initial stop, not whether the driver was actually guilty of a traffic offense. Id.
In reviewing a trial court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to the inferences drawn by the trial court. Id. A finding is clearly erroneous when, even if there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id. We defer to the trial court's superior position in determining the credibility of the witnesses and resolving any conflicts in the testimony. Id.
Elmore's testimony and the dashcam video of the events leading to the stop do not differ in any significant degree. The video makes it clear that the "little bit" Elmore followed Pargament before turning on his lights was about thirty seconds. Elmore acknowledged in his testimony that the white vehicle had accelerated and pulled ahead slightly as Elmore changed lanes and got behind Pargament's vehicle. He further acknowledged the possibility that if he had waited another ten seconds before stopping Pargament, the acceleration of the white vehicle would have opened the distance between it and Pargament's vehicle.
Our de novo review of the totality of the circumstances convinces us that the trial court clearly erred in finding Elmore had probable cause to stop Pargament. Even employing a liberal review of the evidence, we have determined that the facts and circumstances within Elmore's knowledge were not sufficient to permit a person of reasonable caution to believe Pargament had committed the traffic offense of following too closely to the vehicle that pulled in front of him. Instead, the "fault" in this situation lay more with the driver who pulled into Pargament's lane, and Elmore did not allow enough time (thirty seconds) for Pargament to correct the situation that he admittedly did not cause. In summation, we are left with a definite and firm conviction the trial court made a mistake in finding probable cause existed for this stop. We therefore reverse Pargament's conviction and remand for further proceedings consistent with this opinion.
Reversed and remanded.
We reject the State's argument that Pargament did not preserve this issue for appeal. While some of the specific statutory arguments he makes to this court were not developed below, the suppression issue was adequately preserved. Furthermore, our resolution of the case does not depend upon those arguments.